UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVIE DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 3:12 CV 120 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Stevie Davis, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding. (DE # 1.) On August 15, 2011, a hearing officer at Miami Correctional Facility ("MCF") found Davis guilty of possessing intoxicants in violation of disciplinary rule A231. (DE # 7-1.) He received a written reprimand and lost telephone and commissary privileges for 30 days. (*Id.*) The hearing officer also recommended that Davis serve 30 days in disciplinary segregation and lose 15 days of earned time credits, but both of these sanctions were suspended. (*Id.*) Under the Indiana Department of Correction Adult Disciplinary Procedures ("ADP"), a suspended sanction can only remain in effect for six months, after which time it becomes unenforceable. (DE # 7-5.) More than six months have passed since the suspended sanctions were imposed against Davis, and they were not enforced within that period. (*See* DE # 7-4.)

Based on the above, respondent moves to dismiss the petition.[1] (DE # 6.) As respondent points out, the disciplinary proceeding at issue did not lengthen Davis's sentence, nor could it, since the suspended sanction pertaining to his earned time credits has expired. Because the disciplinary proceeding did not lengthen his sentence, Davis cannot challenge it in a habeas petition. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary proceeding under 28 U.S.C. § 2254 only when the punishment imposed lengthens the duration of his confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (only a disciplinary sanction that affects the fact or duration of custody can be challenged under 28 U.S.C. § 2254). Instead the sanctions imposed affected the "severity" rather than the "duration" of Davis's custody. *See Montgomery*, 262 F.3d at 644. As the Seventh Circuit has instructed, "[m]ore restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all." *Id.* Accordingly, the petition will be dismissed.

For the reasons set forth above, the motion to dismiss (DE # 6) is **GRANTED**, and the petition (DE # 1) is **DISMISSED**.

               **SO ORDERED.**

Date: September 24, 2012

              s/James T. Moody  
              JUDGE JAMES T. MOODY  
              UNITED STATES DISTRICT COURT

---

[1] More than 60 days have passed since the motion to dismiss was filed, and Davis has not filed a response or objection to the motion.